IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

X.C.,

      **Plaintiff,**

v.                                          Civil Action Number:  2:25-cv-00518

**CORRECTIONAL OFFICER NICKI MARCUM,
CORRECTIONAL OFFICER BAISDON,
and CORRECTIONAL OFFICER JOHN/JANE DOES**

      **Defendants.**

## COMPLAINT

Comes now the Plaintiff, X.C., by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his Complaint against the above-named Defendants, states as follows:

1. Plaintiff, X.C. (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia. At the time of the incidents described herein, Plaintiff was a minor (under the age of eighteen years old) individual who was incarcerated at Donald R. Kuhn Juvenile Center ("DKJC"). Plaintiff is no longer incarcerated at the time of filing this Complaint and resides in Parkersburg, West Virginia. Plaintiff is no longer a minor at the time of filing this Complaint.

2. West Virginia Division of Corrections and Rehabilitation (hereinafter "WVDOCR"), is a correctional institution funded, in whole or part, by the State of West Virginia. The WVDOCR's principle or central office is located in Charleston, Kanawha County, West Virginia.

3. Defendant Correctional Officer Nikki Marcum was an employee of the WVDOCR who worked at the Donald R. Kuhn Juvenile Center when she sexually assaulted plaintiff X.C. who was an incarcerated minor.

4. Defendant John/Jane Does were correctional officers employed by the WVDOCR

and worked at the Donald R. Kuhn Juvenile Center. By policy and law, these Defendants were responsible to carry out their duties in a manner to provide for the safety and security of juvenile inmates.  John/Jane Does were informed by other juveniles, personally witnessed the inappropriate conduct, and/or had personal knowledge that Defendant Nikki Marcum was having sexual relations with Plaintiff. Despite being on notice of this information, Defendants John/Jane Does failed to report or investigate the allegations of inappropriate sexual conduct made by inmates, in violation of West Virginia Code and WVDCR Policy and Procedures.  Defendants John/Jane Does' conduct was reckless, outrageous and/or deliberately indifferent to the well-being and safety of plaintiff.

5. Defendant CO Baisdon was a correctional officer employed by the WVDOCR and worked at the Donald R. Kuhn Juvenile Center. By policy and law, this Defendants was responsible to carry out his duties in a manner to provide for the safety and security of juvenile inmates. Correctional Officer Baisdon was the son-in-law of Defendant Marcum and retaliated against Plaintiff for disclosing the sexual abuse that took place.

6. The willful and intentional acts and omissions of the defendants directly resulted in plaintiff being sexually harassed and abused in February and March of 2024.  Plaintiff asserts that he is seeking damages from the Defendants up to an amount commensurate with the amount of insurance coverage applicable to the claims made herein. All events and occurrences alleged herein occurred in the State of West Virginia.

## **FACTS**

7. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 6 as if set forth herein.

8. At all times relevant herein, Plaintiff was a juvenile inmate at the Donald R. Kuhn

Juvenile Center. Plaintiff was approached by Defendant Marcum and coerced into sexual relations.

9. As an inmate of the WVDOCR in a juvenile facility, Plaintiff was under the authority and supervision of Defendant Marcum. Marcum brought in contraband into the facility for the purpose of coercing Plaintiff into sexual relations. Defendant Does were aware of this conduct involving contraband and the inappropriate relationship between Plaintiff and Defendant Marcum.

10. During the months of February and March 2024, Plaintiff was subjected to inappropriate physical and sexual contact by CO Nikki Marcum, who was working at Donald Kuhn Juvenile Center. This included oral sex, touching of Plaintiff's genitals, and other inappropriate physical/sexual contact.

11. Correctional Officer Doe(s) suspected and/or witnessed the inappropriate conduct by CO Marcum but failed to investigate or take action. On one particular occasion, Defendant Marcum inappropriately touched Plaintiff in the Dayroom while two other officers were present. Defendant Does did nothing to intervene or report the inappropriate conduct of Defendant Marcum despite being present for and witnessing the inappropriate conduct.

12. Defendant(s) Doe(s), in violation of West Virginia Division of Corrections and Rehabilitation Policy Directive 430.00 failed to take any meaningful steps to stop or investigate the misconduct of Marcum. Pursuant to WVDCR Policy Directive 430.00 there is zero tolerance for any acts of sexual abuse, misconduct or harassment between inmates and employees or contractors.

13. Upon information and belief, this matter was eventually investigated and substantiated and Defendant Marcum was effectively terminated from employment.

14. Correctional Officer Baisdon was the son-in-law of Defendant Marcum. Following

this incident, Defendant Baisdon retaliated against Plaintiff for disclosing the sexual abuse that took place. Defendant Baisdon made up false charges to punish and retaliate against Plaintiff following this incident.

15. Defendant Baisdon also told another juvenile inmate that he would give him food and soda if the juvenile inmate would attack and physically harm Plaintiff. Defendant Baisdon and other correctional officers also taunted Plaintiff and made inappropriate comments to Plaintiff about the abuse that took place.

16. Defendants' actions have caused Plaintiff severe emotional and mental injury. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendants' violation of his rights

## COUNT I - OUTRAGEOUS CONDUCT

17. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 16 as if set forth herein.

18. Defendants John/Jane Does' suspected or had knowledge of Defendant Marcum's conduct and failure to report, investigate, act and intervene is outrageous. The willful and intentional failure to report, investigate, act and intervene is outrageous and unconscionable conduct. The willful and intentional failure to act occurred despite the knowledge that severe emotional distress and inappropriate sexual contact was certain to occur to a juvenile inmate at their facility.

19. Defendant Marcum's conduct of subjecting Plaintiff to inappropriate physical and sexual contact was also outrageous given her position of authority over Plaintiff and because Plaintiff was a minor at the time of the inappropriate sexual conduct. Defendant Marcum knew or should have known that severe emotional distress was certain, or substantially certain, to result

from her inappropriate sexual contact with Plaintiff.

20. Defendant Marcum's conduct of subjecting Plaintiff to inappropriate physical and sexual contact constitutes extreme and outrageous conduct and has resulted in plaintiff suffering great emotional distress. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendant's violation of his rights.

21. Defendant Baisdon's retaliation against Plaintiff for disclosing the sexual abuse that took place constitutes extreme and outrageous conduct and has resulted in plaintiff suffering great emotional distress. Defendant Baisdon made up false charges to punish and retaliate against Plaintiff following this incident. Defendant Baisdon also told another juvenile inmate that he would give him food and soda if the juvenile inmate would attack and harm Plaintiff. Defendant Baisdon knew or should have known that severe emotional distress was certain, or substantially certain, to result from his retaliation against and treatment towards Plaintiff.

22. Defendants Does' failure to act constitutes extreme and outrageous conduct and has resulted in plaintiff suffering severe emotional distress. The Defendants' outrageous conduct resulted in Plaintiff suffering severe emotional distress and injury. Defendant Baisdon's retaliation against Plaintiff was outrageous conduct that resulted in Plaintiff suffering severe emotional distress and injury. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendant's violation of his rights.

## COUNT II – BATTERY BY DEFENDANT MARCUM

23. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 22 as if set for herein.

24. Defendant Marcum's conduct of subjecting Plaintiff to inappropriate physical and sexual contact constitutes battery.

25. Defendant Marcum's battery of Plaintiff caused Plaintiff to suffer severe emotional distress.

26. Defendant Marcum's conduct of subjecting Plaintiff to inappropriate physical and sexual contact constitutes battery and has resulted in plaintiff suffering great emotional distress. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendant's violation of his rights.

### COUNT III – VIOLATION OF 42 USC §1983 BY DEFENDANT MARCUM

27. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 26 as if set forth herein.

28. Defendant Marcum's conduct of subjecting Plaintiff to inappropriate physical and sexual contact was done to Plaintiff under the color of the law of the State of West Virginia. The conduct described herein deprived plaintiff of his rights and privileges under the Constitution of the United States of America. Defendant Marcum used her position of authority over plaintiff to inappropriately touch and have sexual contact with Plaintiff while Plaintiff was incarcerated. Defendant Marcum knew or should have known that severe emotional distress was certain, or substantially certain, to result from her inappropriate sexual contact and harassment of Plaintiff. Plaintiff was a minor at the time of all of the inappropriate conduct described herein. Defendant's conduct was completely inappropriate and is cruel and unusual punishment.

29. Defendant Marcum's sexual misconduct and harassment of Plaintiff was in violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution. The conduct as described herein was unwarranted, illegal, and amounts to cruel and unusual punishment. "There can be little doubt that sexual abuse is repugnant to contemporary standards of decency, and that allegations of sexual abuse can amount to an Eighth Amendment violation." *Jackson v. Holley*,

No. 16-6896 (4th Cir. Nov 18, 2016).

30. The conduct of Defendant Marcum was so egregious and outrageous, so as to constitute an abuse of power in violation of Plaintiff's rights under the Eighth Amendment. Further, Defendant's acts, as set forth herein, were done while acting under the color of state law. Defendant Marcum would have known that her conduct violated plaintiff's constitutional rights as a result of legal precedent.

31. As a result of the aforementioned violation of plaintiff's civil rights, Plaintiff has suffered mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against defendants as well as attorney fees and costs pursuant to 42 U.S.C.§ 1988.

## COUNT IV -DELIBERATE INDIFFERENCE-VIOLATION OF 42 USC §1983

32. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 31 as if set forth herein.

33. Defendants John/Jane Does were at all times herein acting under the color of state law and are being sued in their individual capacity.

34. Defendants John/Jane Does acted with deliberate indifference when they allowed plaintiff to be sexually abused without intervening. Defendant Doe(s) suspected or knew of the inappropriate sexual conduct and had a duty to protect plaintiff from sexual misconduct by another employee. Defendant(s) Doe(s), employed by the WVDOCR knew that the sexual harassment and abuse presented a risk of serious emotional injury to Plaintiff.

35. Defendant(s) Doe(s) acted with deliberate indifference when they failed to intervene on Plaintiff's behalf, to report the sexual harassment/misconduct, or follow any of the

PREA policies and procedures in place to protect inmates such as Plaintiff from sexual abuse. Defendant(s) Doe(s) were further deliberately indifferent by failing to intervene, discipline, or report the actions of Defendant Marcum. Due to the failure of Defendant(s) Doe(s) to take any meaningful action to protect Plaintiff, Defendant(s) Doe(s) were directly and a proximate cause for Plaintiff being sexually abused and injured.

36.     This deliberate conduct and indifference to plaintiff's safety violated plaintiff's constitutional rights as well as correctional facility policy 430.00.

37.     Defendant(s) Doe(s) acted with deliberate indifference to the safety of plaintiff in violation of the Eighth Amendment to the Constitution of the United States of America in violation of 42 U.S.C. §1983 by failing to intervene when Defendant Marcum was subjecting Plaintiff to inappropriate sexual contact. Moreover, Defendant(s) Doe(s) would have known through training and legal precedent that their conduct (deliberate indifference to a dangerous condition), was a violation of plaintiff's constitutional rights under the Eighth Amendment. Defendant(s) Doe(s) had knowledge of the dangerous condition created by Defendant Marcum, as well as an opportunity to act and prevent plaintiff from being harmed.

38.     Defendant(s) Doe(s)' conduct is a failure-to-protect. Their conduct satisfies the two prongs of the legal standard established by Federal Courts. The first is objective, requiring that the prisoner has suffered "a serious or significant physical or emotional injury resulting from the challenged conditions." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003)(internal quotation marks omitted). The second is subjective, requiring that the prison official have demonstrated "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). Although that standard "entails something more than mere negligence, . . . it is satisfied by something less than acts or omissions for the very purpose of causing harm or with

knowledge that harm will result." *Id.* at 835. Specifically, deliberate indifference "requires that a prison official actually know of and disregard an objectively serious . . . risk of harm." *De'Lonta,* 330 F. 3d at 634.

39. Plaintiff suffered a serious and significant emotional injury as a result of the conduct of the Defendants. Moreover, Defendant(s) Doe(s) were deliberately indifferent to Plaintiff's health and safety when they failed to intervene after receiving verbal reports and/or witnessing the misconduct from Defendant Marcum.

40. The acts and omissions of Defendant(s) Doe(s) as described herein violated the Eighth Amendment to the Constitution of the United States of America and gives rise to the action against Defendant(s) Doe(s). Defendant(s) Doe(s) through their training and legal precedent knew that they had a duty to protect inmates from harm. Defendant(s) Doe(s) were aware of the misconduct and were in a position to intervene.

41. As a direct and proximate result of the deliberate indifference of Defendants Does toward plaintiff, plaintiff incurred severe emotional injury, pain and suffering and severe emotional distress. This conduct was a proximate cause of plaintiff's severe emotional distress. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendants' violation of his rights.

42. The actions of Defendants Does were willful and wanton and/or deliberately indifferent, entitling Plaintiff to punitive or exemplary damages in an amount to be determined by the Jury. Pursuant to 42 U.S.C. §1988, Plaintiff is also entitled to attorney fees and costs.

### COUNT V - VIOLATION OF 42 USC §1983 BY DEFENDANT BAISDON

43. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 42 as if set forth herein.

44. Defendant Baisdon's conduct of retaliating against Plaintiff was done to Plaintiff under the color of the law of the State of West Virginia. The conduct described herein deprived plaintiff of his rights and privileges under the Constitution of the United States of America. Defendant Baisdon used his position of authority over plaintiff to file false write ups against Plaintiff and attempted to bribe another juvenile inmate to physically attack Plaintiff. Defendant Baisdon knew or should have known that severe emotional distress was certain, or substantially certain, to result from his inappropriate conduct and treatment of Plaintiff. Plaintiff was a minor at the time of all of the inappropriate conduct described herein. Defendant's conduct was completely inappropriate and is cruel and unusual punishment.

45. Defendant Baisdon's misconduct and harassment of Plaintiff was in violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution. The conduct as described herein was unwarranted, illegal, and amounts to cruel and unusual punishment.

46. The conduct of Defendant Baisdon was so egregious and outrageous, so as to constitute an abuse of power in violation of Plaintiff's rights under the Eighth Amendment. Further, Defendant's acts, as set forth herein, were done while acting under the color of state law. Defendant Baisdon would have known that his conduct violated plaintiff's constitutional rights as a result of legal precedent.

47. As a result of the aforementioned violation of plaintiff's civil rights, Plaintiff has suffered mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against defendants as well as attorney fees and costs pursuant to 42 U.S.C.§ 1988.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants, jointly and severally, and requests that the Court award damages including, but not limited to, medical expenses, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.  Plaintiff requests such other and further relief as this Honorable Court deems just.  Plaintiff does not seek punitive damages against the state agency.

PLAINTIFF DEMANDS A TRIAL BY JURY.

> X.C.,
> By Counsel,
>
> /s/ **Paul E. Stroebel**
> Paul E. Stroebel (WV Bar #13269)
> Attorney for Plaintiff
> Stroebel & Stroebel, PLLC
> 405 Capitol Street; Suite 102
> P.O. Box 2582
> Charleston, WV 25329
> Telephone: (304) 346-0197
> E-mail: paulstroebel1@gmail.com